**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Tiffany Florence SARDEN,
Defendant—Appellant.**

Nos. 00–30138, 00–30139.
D.C. Nos. CR–99–00607–TSZ,
CR–00–00043–TSZ.

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted Feb. 9, 2001.*

Decided Feb. 14, 2001.

Before RYMER, THOMAS, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Tiffany Florence Sarden appeals the district court's sentencing determination to depart upward two levels based on the non-monetary, psychological harm suffered by the victim of her crime. We have jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291 and we review the district court's decision to depart upward for abuse of discretion, *see Koon v. United States*, 518 U.S. 81, 99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). We affirm.

Sarden argues that there was insufficient evidence that the psychological distress suffered by the victim was more than that normally resulting from the crime of identity theft, relying on United States Sentencing Guidelines (U.S.S.G.) § 5K2.3. However, the district court's upward departure was pursuant to U.S.S.G. § 2F1.1, Application Note 11(c). Based on the victim impact statement that was submitted and the victim's testimony at sentencing, which explained the difficulties and extreme emotional problems that she suffered, the court was well within its discretion in finding that the loss to corporate victims determined under § 2F1.1(b)(1) did not fully capture the harmfulness and seriousness of Sarden's conduct.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.